UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

```
IN RE:                          )
                                )
Roger R. Puckett,               )   Case No. 05-11004
                                )
     Alleged Debtor.            )
                                )
_____)
                                )
Sandra C. Puckett,              )   Case No. 05-11005
                                )
     Alleged Debtor.            )
                                )
                                )
```

ENTERED
MAY 0 2 2005
U.S. BANKRUPTCY COURT
MDNC - CPH

## MEMORANDUM OPINION

These two involuntary Chapter 7 cases come before the court on identical consent orders proposed by Roger R. Puckett and Sandra C. Puckett ("Debtors"), and the petitioning creditor that caused the involuntary cases to be filed, High Point Bank and Trust Company ("High Point Bank"). The proposed consent orders purport to have this court transfer venue to another jurisdiction and approve other proposed actions before the venue is transferred. As further stated herein, the court will transfer venue as requested by the parties but will not approve any other actions as proposed in the consent orders.

On March 29, 2005, High Point Bank filed separate involuntary Chapter 7 petitions against the Debtors. The Debtors purportedly owe High Point Bank about $2,300,000 pursuant to a guaranty agreement on a note secured by real property in North Myrtle Beach, South Carolina. On the involuntary petitions, High Point Bank represented that the Debtors had been residents in the Middle

District of North Carolina for the greater portion of the preceding 180-day period. Pursuant to the terms of the proposed consent order, a bona fide dispute arose with respect to the filing of the involuntary petitions in the Middle District of North Carolina. The parties now wish to resolve that dispute by, inter alia: (1) consenting to the entry of an order for relief under Chapter 7 of the Bankruptcy Code; (2) consenting to the consolidation of the Debtors' separate bankruptcy cases; and (3) transferring venue of the consolidated cases to the District of South Carolina.

Venue in a bankruptcy case is proper in any district "in which the domicile, residence, [or] principal place of business . . . of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business . . . of such person were located in any other district." 28 U.S.C. § 1408(1). Changes in venue are governed by § 1412 and Fed. R. Bankr. P. 1014(a). In short, if a case is filed in a proper district then the case may be transferred to another district in the interest of justice or for the convenience of the parties, or, if a case is filed in an improper district, a court may either dismiss or transfer the case. Fed. R. Bankr. P. 1014(a)(1-2). Once a court has made the determination to transfer venue, it generally no longer has discretion to retain the

case or rule on pending motions within the case. <u>In re Newport Creamery Inc.</u>, 265 B.R. 614, 618 (Bankr. M.D. Fla. 2001) ("Thus, once the court has made a determination that venue is not proper, it no longer has discretion to retain the case. The only issue left for determination is whether the case should be transferred or dismissed.").

Because the court is transferring venue to the District of South Carolina, it is inappropriate for the court to enter an order for relief on the involuntary petitions or to consolidate the Debtors' separate cases. <u>See, e.g.</u>, <u>Eschelon Telecom, Inc. v. FCC</u>, 345 F.3d 682, 682-83 (8th Cir. 2003) (transferring the case to a different venue along with all pending motions); <u>Aircraft Owners & Pilots Ass'n v. FAA</u>, No. 00-1061, 2000 U.S. App. LEXIS 10148 at *1 (D.C. Cir. 2000) (granting a motion to transfer venue and requiring that a pending motion to intervene be included in the transfer); <u>Morris v. Am. Bioscience, Inc.</u>, No. 03 C 7525, 2004 U.S. Dist. LEXIS 22274 at *15 n.4 (N.D. Ill. 2004) ("Because the Court grants the motion [to transfer venue], it need not rule on the pending motion to dismiss pursuant to Rule 12(b)(6), which should be addressed by the transferee court."); <u>In re Hideaway Apts. I, L.P.</u>, No. 99-81871, 1999 Bankr. LEXIS 2013 at *8-9 (Bankr. D. Neb. 1999) (transferring the case and ordering that all pending motions be transferred to the new district).

This memorandum opinion constitutes the court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

This 2nd day of May, 2005.

                                                  */s/ William L. Stocks*
                                        WILLIAM L. STOCKS
                                        United States Bankruptcy Judge

A copy of the foregoing was served
electronically or conventionally to:

Michael D. West

James C. Lanik

High Point Bank & Trust Co.
c/o Alan B. Powell
P.O. Box 1550
High Point, NC 27261